UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. BARNO,<br>    Petitioner,<br>v.<br>SHAWN HATTON,<br>    Respondent. | Case No. 17-cv-05310-WHO (PR)<br><br>**ORDER TO SHOW CAUSE**<br><br>Dkt. No. 2 |

## INTRODUCTION

Petitioner Rodney Barno seeks federal habeas relief from a prison disciplinary decision. The petition for such relief has been reviewed under 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases and has been found to state cognizable claims. Accordingly, on or before **February 2, 2018**, respondent shall file an answer or dispositive motion in response to the habeas petition.

## BACKGROUND

According to the petition, in 2016, Barno's jailors at the California Substance Abuse Treatment Facility and State Prison found him guilty of willfully delaying a peace officer in the performance of his duty by refusing a compatible cellmate. In consequence, Barno lost 90 days of credits and was deprived of various privileges.

1    Barno's attempts to overturn the decision in state court were unsuccessful. This federal habeas petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Barno alleges respondent violated his right to due process when it found him guilty of willfully delaying a peace officer. When liberally construed, this claim is cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. On or before **February 2, 2018**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

1    4. In lieu of an answer, respondent may file, on or before **February 2, 2018**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Barno's application to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED.

9. The Clerk shall terminate Dkt. No. 2.

**IT IS SO ORDERED.**

**Dated:** December 4, 2017



WILLIAM H. ORRICK
United States District Judge