UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. BARNO,<br>Petitioner,<br>v.<br>SHAWN HATTON,<br>Respondent. | Case No. 17-cv-05310-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 6 |

Petitioner Rodney Barno seeks federal habeas relief from a prison disciplinary decision. Because habeas relief in this suit will not necessarily speed his release, the petition will be dismissed, as urged by respondent in the motion to dismiss. (Dkt. No. 6.)

Barno is a state prisoner serving an indeterminate sentence of 50 years to life. In 2016, Barno's jailors found him guilty of willfully delaying a peace officer in the performance of his duty by refusing a compatible cellmate. In consequence, he lost 90 days of credits and was deprived of various privileges. Barno's attempts to overturn the decision in state court were unsuccessful. This federal habeas petition followed.

As grounds for federal habeas relief, Barno alleges that his jailors violated his due process rights at the disciplinary hearing and that the disciplinary finding might adversely affect his parole suitability.

Habeas relief for some claims regarding prison disciplinary decisions has been foreclosed by *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc). If relief will not "necessarily lead to immediate or speedier release," no federal habeas claim lies. *Id.* at 935. For instance, if a habeas petitioner is serving an indeterminate sentence of 25 years to life, a restoration of lost credits will not necessarily speed release. If an inmate is serving a determinate term of, for example, 10 years, a restoration of credits will indeed speed release. In the first example, no habeas claim lies. In the second, there is a cognizable habeas claim. Furthermore, no claim will lie on the premise that an unexpunged disciplinary decision might affect parole. Parole decisions are based on many factors, prison disciplinary decisions being just one of them. *Id.* at 935.

Barno's allegations do not state a claim for habeas relief. He is serving an indeterminate term and therefore relief from the disciplinary decision will not necessarily speed his release. His claim that the disciplinary finding might adversely affect his parole suitability is also foreclosed by *Nettles*. *Id.* Accordingly, his federal habeas petition will be dismissed.

The federal relief Barno seeks can be obtained only through a civil rights action brought under 42 U.S.C. § 1983. *Id.* at 924 (claims regarding prison disciplinary decisions are not within "the core of habeas corpus" and now must be brought under section 1983, "if at all").

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although a court may construe a habeas petition as a civil rights action, it is not required to do so, and there have been significant changes in the law since *Wilwording* was decided that would be adverse to Barno if I did so. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400. Under the Prison Litigation Reform Act, a prisoner is required to pay it, even if granted *in forma pauperis* ("IFP") status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). A prisoner who might be willing to file a habeas petition for which he or she would not have

to pay a filing fee might feel otherwise about a civil rights complaint for which the $400 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

An additional consideration militates against me construing the petition as a section 1983 suit. The petition does not name a defendant against whom the section 1983 claims could properly be asserted. *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005). It names Shawn Hatton, the warden of the prison in which Barno is housed, rather than the potentially proper defendants, the officers who brought the charges and conducted the disciplinary hearing.

In view of the potential pitfalls for Barno if the Court were to construe the petition as a civil rights complaint, and the failure to name proper defendants, I will DISMISS this action without prejudice to his filing a section 1983 action if he so chooses.

Respondent's motion is GRANTED. (Dkt. No. 6.) This federal habeas action is DISMISSED. The Clerk shall terminate Dkt. No. 6, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 26, 2018

WILLIAM H. ORRICK
United States District Judge